UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

----------------------------------------------------
IN RE:                                    )
                                          )   CASE NO. 10-23613 (ASD)
HYMAN BIBER,                              )
                                          )   CHAPTER 7
        DEBTOR.                           )
----------------------------------------------------
ANTHONY NOVAK, TRUSTEE                    )
                                          )
        PLAINTIFF,                        )   ADV. PRO. NO. 12-02016
vs.                                       )
                                          )
BANK OF AMERICA, N.A.,                    )   Re: ECF NO. 31, 39
                                          )
        DEFENDANT.                        )
----------------------------------------------------

**BRIEF MEMORANDUM OF DECISION AND ORDER
GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT**

**I. BACKGROUND**

The Debtor, Hyman Biber, commenced the captioned bankruptcy case by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code on October 21, 2010. The case was converted to a case under Chapter 7 on March 31, 2011, and Anthony S. Novak was duly appointed as the Chapter 7 Trustee (hereinafter, the "Trustee").

On March 28, 2012, the Trustee commenced the captioned Adversary Proceeding by the filing of a single count complaint seeking to avoid an alleged preferential transfer pursuant to Bankruptcy Code Section 547(b) (hereinafter, the "Complaint"). On November 30, 2012, the Trustee filed a *Motion for Leave to Amend Complaint* (hereinafter, the "Motion to Amend"), ECF No. 31, requesting leave of this Court to amend the Complaint by the addition of a second count in accordance with a proposed Amended Complaint,

ECF No. 31-2 (hereinafter, the "Amended Complaint"). The new Count Two of the Amended Complaint seeks to avoid an alleged transfer as fraudulent pursuant to §548(a). On December 19, 2012, Bank of America, NA filed the *Defendant's Objection to Plaintiff's Motion for Leave to Amend Complaint* (hereinafter, the "Objection"), ECF No. 39. On December 20, 2012, a hearing was held on the Motion to Amend and the Objection. For the reasons stated hereinafter, the Motion to Amend shall be granted.

## II. DISCUSSION

Count Two asserts a new legal ground for relief under §548(a). Factually, however, Count Two is very similar[1] to the original single count Complaint, except in Count Two, where rather than asserting that there had been a direct transfer of funds from the Debtor to or for the benefit of the Defendant, it alleges that the transfer was from the Debtor into a bank account held by Strawberry Park Resort, LLC, and from there transferred to the Defendant.

It appearing to the Court that the Motion to Amend and the Amended Complaint were filed approximately one month after the deadline for filing an action or proceeding under section 548[2], but it appearing (i) that the new claim asserted in Count Two of the

---

[1] In the Objection the Defendant states "[t]he underlying facts have not changed. No new facts are alleged in the . . . proposed Amended Complaint."

[2] § 546. Limitations on avoiding powers.
(a) An action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of--
(1) the later of--
    (A) 2 years after the entry of the order for relief; or
    (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
(2) the time the case is closed or dismissed.

The order for relief entered October 21, 2010. Following conversion of this case from Chapter 11

Amended Complaint does arise out of the same "conduct, transaction, or occurrence set out – or attempted to be set out" in the original Complaint, *see* Fed. R. Civ. P. 15(c)(1)(B)[3], and (ii) that the defendants received "adequate notice of the matters raised in the amended pleading . . . by the general fact situation alleged in the original pleading," *Slayton v. American Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (quoting *Stevelman v. Alias Research Inc.*, 174 F.3d 79, 86 (2d Cir. 1999), it therefore "relates back to the date of the original [Complaint]", *see* Fed. R. Civ. P. 15(c)(1).

"The analysis employed to resolve this question is essentially an examination of whether there is a common core of operative facts linking the amendments and the original complaint." *Oliner v. McBride's Indus., Inc.*, 106 F.R.D. 9, 12-13 (S.D.N.Y. 1985). "Generally, an amended complaint will relate back if it 'merely adds a new legal ground for relief, changes the date and location of the transaction alleged, . . . spells out the details of the transaction originally alleged, . . . [or] merely increases the ad damnum clause . . ..' *Pereira v. Hong Kong & Shanghai Banking Corp. (In re Kam Kuo Seafood Corp.)*, 67 Bankr. 304, 306 (Bankr. S.D.N.Y. 1986) (citations omitted)"; *Coan v. O & G Indus. (In re Austin Driveway Servs.)*, 179 B.R. 390, 395 (Bankr. D. Conn. 1995). Here, both the single count Complaint and the new Count Two of the Amended Complaint concern the same payment of $24,993.00 allegedly received by Bank of America within ninety (90) days of the filing of the petition and are object of a demand for repayment sent to Bank of America on March 5, 2012. The only factual change relates to the name on the account at Bank of

---

to Chapter 7, the interim trustee, Anthony S. Novak was appointed on March 31, 2011.  Following the 341 Meeting of Creditors held on May 9, 2011, he became the permanent trustee.

[3] Made applicable to this adversary proceeding by Fed. R. Bank. P. 7015.

America into which the funds were deposited, a fact almost certainly known by the Defendant long before the Motion to Amend was filed.

### III. ORDER

In accordance with the above,

**IT IS HEREBY ORDERED** that the Motion to Amend, ECF No. 31, is **GRANTED**, and

**IT IS FURTHER ORDERED** the Objection, ECF No. 39, is **OVERRULED**.


Dated: February 1, 2013                                              BY THE COURT


                                                                     Albert S. Dabrowski
                                                                     United States Bankruptcy Judge